UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA HAIRSTON,                          Case No. 14-13218

              Plaintiff,                   David M. Lawson
v.                                         United States District Judge

COMMISSIONER OF SOCIAL SECURITY,           Michael Hluchaniuk
                                           United States Magistrate Judge

              Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 16, 19)**

**I.    PROCEDURAL HISTORY**

    A.    Proceedings in this Court

On August 20, 2014, plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge David M.

Lawson referred this matter to the undersigned for the purpose of reviewing the

Commissioner's decision denying plaintiff's claim for benefits.  (Dkt. 17).  This

matter is before the Court on cross-motions for summary judgment.  (Dkt. 16, 19).

    B.    Administrative Proceedings

Plaintiff filed the instant claims for period of disability, disability insurance,

and supplemental security income benefits on January 26, 2012, alleging disability

beginning August 21, 2006.  (Dkt. 11-2, Pg ID 64).  At the hearing, plaintiff

amended the alleged onset date to September 30, 2010.  *Id*.  Plaintiff's claim was

initially disapproved by the Commissioner on April 24, 2012.  *Id*.  Plaintiff

requested a hearing and on April 8, 2013, plaintiff appeared, along with her

attorney, before Administrative Law Judge ("ALJ") Patrick J. MacLean, who

considered the case de novo.  (Dkt. 11-2, Pg ID 64-75).[1]  In a decision dated April

25, 2013, the ALJ found that plaintiff was not disabled.  *Id*.  Plaintiff requested a

review of this decision on May 30, 2013.  (Dkt. 11-2, Pg ID 64).  The ALJ's

decision became the final decision of the Commissioner when, after the review of

additional exhibits,[2]  the Appeals Council on August 11, 2014, denied plaintiff's

request for review.  (Dkt. 11-2, Pg ID 55-57); *Wilson v. Comm'r of Soc. Sec.*, 378

F.3d 541, 543-44 (6th Cir. 2004).

     For the reasons set forth below, the undersigned **RECOMMENDS** that

---

[1] According to the ALJ's decision, plaintiff had previously filed a Title II application for disability insurance benefits and supplemental security income benefits on April 18, 2007.  The claims were denied.  The claimant filed a request for a hearing, but the request was dismissed on April 14, 2010.  (Dkt. 11-2, Pg ID 64).

[2] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review.  *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was born in 1970 and was 42 years old at the time of the administrative hearing, and 39 years old the alleged onset date of disability.  (Dkt. 11-2, Pg ID 66).  The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (Dkt. 11-2, Pg ID 81-82).  At step two, the ALJ found that plaintiff's multi-level degenerative changes in the lumbosacral spine, left shoulder impingement syndrome, right foot pain, and obesity were "severe" within the meaning of the second sequential step.  (Dkt. 11-2, Pg ID 67).  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  *Id*.  The ALJ determined that plaintiff had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can stand or walk for approximately two hours in an 8-hour workday and sit for approximately six hours in an 8-hour workday, with normal breaks. The claimant requires a

3

> sit/stand option alternatively at will every thirty minutes.
> The claimant can never climb ladders, ropes, or
> scaffolds, but can occasionally balance, stoop, crouch,
> kneel, crawl, and climb ramps or stairs. The claimant is
> unable to reach fully extended, perform overhead
> reaching or handling, or push or pull with the left upper
> extremity. The claimant should avoid concentrated use of
> moving machinery or exposure to unprotected heights.

(Dkt. 11-2, Pg ID 68).  At step four, the ALJ concluded that plaintiff could not

perform her past relevant work as an inspector.  (Dkt. 11-2, Pg ID 73).   At step

five, the ALJ denied plaintiff benefits because plaintiff could perform a significant

number of jobs available in the national economy.  (Dkt. 11-2, Pg ID 73-74).

> B.     Plaintiff's Claims of Error

According to plaintiff, the ALJ looked for any evidence that would allow

him to find that she was not disabled.  Plaintiff maintains that there is not

substantial evidence cited in the opinion to find her disabled, only an

interpretation of the ALJ's reading of the medical records that were provided as

the basis for the denial.  Plaintiff argues that the ALJ used what was not present in

the record or recorded at the various doctors visits to find her not disabled.  He

also used an MRI that was not completed as his basis for finding her not disabled,

rather than the other two MRIs that were completed.  Plaintiff asserts that the

ALJ's determination is not supported by substantial evidence, rather by

interpreting the record regarding undocumented items and deciding to use a

4

particular MRI.

Additionally, the ALJ makes reference in his opinion that in September of 2011, when plaintiff returned to her doctor with complaints of right leg pain, it was unclear if her medications were altered, however, in May of 2011, Tramadol was actually added to her medications, not appearing before in the record provided.  In January of 2012, she was placed on Vicodin.  Plaintiff points out that there are no additional records subsequent to early 2012 to determine what happened with the Vicodin and whether that helped even though her hearing was in April of 2013.

Plaintiff acknowledges that it is her responsibility, along with her attorney, to provide the medical support for the injuries claimed.  She also acknowledges that was not done when the records existed prior to the ALJ hearing.  Plaintiff requests, in the alternative, that the Court remand this matter to the ALJ for review of all of the medical records that are available from all of her doctors, not just the records that were picked by someone to include in the record.  By not having the entire record before the ALJ, he was not able to see her entire medical history including any additional complaints to other hospitals, her physical therapy that she was required to do with continued pain, her primary care doctor's entire record. According to plaintiff, it appears that select records were obtained and submitted to the ALJ for review, which cannot give a clear picture of the medical

history of plaintiff. Further, plaintiff stated on the record that there were more medicals, but that they had not been submitted. Current counsel apparently has already obtained records going back to 2007 showing pain in her neck and back, primarily due to the car accident she had it 2006, although they were not submitted with plaintiff's brief.

Plaintiff also challenges the ALJ's credibility determination. According to plaintiff, it appears that the ALJ simply did not believe her statements that she needed assistance with her day to day care including bathing, dressing, etc and that she was only able to help her children with homework and that their father came over every day to get them dressed and off to school. Further, that she did not traverse her stairs only every other day and slept downstairs because she cannot go up and down stairs that easily. The children's father also takes care of the laundry because it is in the basement and plaintiff cannot go up and down that many stairs. According to plaintiff, the ALJ did not take any of that into consideration when he made his decision to find her not disabled.

Plaintiff was required to amend her onset date because the record did not contain medical records dating back to her accident in 2006. While it is ultimately the responsibility of plaintiff to provide the records to prove her case, plaintiff points out that she hired an attorney who then did not follow up on her testimony about having the records, neither did the ALJ. After taking testimony, the ALJ

6

decided not to believe her testimony regarding her inability to care for herself as well as her children's needs, deciding instead that because she was able to assist her children with homework and put the medication in the nebulizer that she was able to work full time sustained employment.  Further, the ALJ chose to not believe plaintiff when she stated she spent 23 hours a day laying down to ease the pain in her back. The record that the ALJ did have shows progressing, stronger medications for pain, again, the ALJ did not even address this issue, only stating he did not see where her medication was changed/increased on one date. Additionally, those records were almost a year old at the time of the hearing, making it even more difficult for the ALJ to get a clear picture of what was happening.  Plaintiff argues that she should not be punished because her attorney did not either obtain the records for her or tell her that it is her responsibility to obtain the medical records that will show her issues both by her words to her doctors as well as any objective testing that was done.

C.    The Commissioner's Motion for Summary Judgment

Plaintiff, through her current counsel, argues that her attorney at the hearing level inexplicably failed to obtain and submit important medical evidence, and that her case should be remanded to allow consideration of those records.  Plaintiff further complains that the ALJ selectively evaluated the medical records before him in an unfair manner, and inadequately evaluated the credibility of her

subjective complaints of her symptoms and resulting limitations. To the contrary, the Commissioner maintains that the ALJ's findings are supported by substantial evidence in the record, and should be affirmed.

The Commissioner asserts that plaintiff has failed to establish the necessary prerequisites for remand for consideration of additional medical evidence. Pursuant to the Social Security Act, a court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (sentence six).  A plaintiff seeking remand on this ground must prove all three elements: newness, materiality, and good cause for failure to submit the evidence during the administrative proceedings.  Evidence is "new if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Ferguson v. Comm'r of Social Security*, 628 F.3d 269, 276 (6th Cir. 2010), quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  The materiality requirement is met "only if there is a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence."  *Id*.  A plaintiff establishes "good cause" for failure to submit the evidence in question by "demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the

8

hearing before the ALJ." *Id.*  Plaintiff bears the burden of establishing that remand on this basis is appropriate.  *Id*.

According to the Commissioner, plaintiff has failed to carry her burden to establish any of these three required elements.  First, the evidence in question here is not "new;" since it dates as far back as August 2006, it was already in existence at the time of plaintiff's hearing and the date the ALJ issued his unfavorable decision.  Nor is there any indication that this evidence was not "available to the claimant at the time of the administrative proceeding;" indeed, as plaintiff points out, she stated at her administrative hearing that she had some additional medical records in her possession (Tr. 39), but neither she nor her attorney submitted them. Thus, the Commissioner maintains that plaintiff has not met her burden to show that the evidence she wishes to submit is "new" for purposes of remand under sentence six of 42 U.S.C. § 405(g).

Second, the Commissioner points out that given plaintiff's failure to provide the proposed additional medical records in support of her motion for summary judgment, it is impossible for this court to assess whether the "materiality" requirement is met.  Plaintiff simply states that "[c]urrent counsel has already obtained records going back to 2007 showing pain in her neck and back, primarily due to the car accident she had in 2006."  MSJ at p. 5.  According to the Commissioner, this statement does not show that "there is a reasonable possibility

9

that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Ferguson*, 628 F.3d at 276. Notably, the Commissioner asserts that the ALJ did credit plaintiff's pain complaints, assessing severe impairments including multilevel degenerative changes in the lumbosacral spine at Step 2 of the sequential disability evaluation process. (Tr. 13 at Finding 3). However, the Commissioner contends that plaintiff's bare statement that she has medical records that contain additional pain complaints has no bearing on the ALJ's determination that she retained the RFC for a range of sedentary work (Tr. 14 at Finding 5), which in turn led him to conclude at Step 5 that she could perform work existing in significant numbers in the regional and national economies. (Tr. 19-20). Thus, the Commissioner concludes that plaintiff has failed to meet her burden of establishing the materiality of her proposed additional evidence.

Next, the Commissioner asserts that plaintiff has not stated "good cause" for her failure to present her additional medical evidence during administrative proceedings before the ALJ. Plaintiff's counsel states that "[t]his writer was not the attorney at the hearing or appeals level and as such cannot offer an explanation as to the missing records." MSJ at p. 3. While the Commissioner acknowledges that this is doubtless true, she also points out that this court has consistently declined to find that attorney incompetence, neglect, or error in failing to timely

10

obtain and submit medical evidence constitutes "good cause" for purposes of a sentence six remand. *See e.g.*, *Behmlander v. Comm'r of Social Security*, 2013 WL 5516456, at *7 (E.D. Mich. 2013); *Leitz v. Comm'r of Social Security*, 2012 WL 2003786, at *2 (E.D. Mich. 2012); *Collins v. Comm'r of Social Security*, 2011 WL 6654467, at *4 (E.D. Mich. 2011); *see also Taylor v. Comm'r of Social Security*, 43 Fed. Appx. 941, 942-43 (6th Cir. 2002) ("[T]here is absolutely no statutory or decisional authority for [the] premise that the alleged incompetence of Taylor's first attorney constitutes 'good cause' in this context."). Thus, the Commissioner asserts that plaintiff has failed to carry her burden of establishing that remand for consideration of her additional medical evidence is appropriate.

Plaintiff further hints at an argument that the ALJ should have obtained these additional medical records before issuing his decision. However, the Commissioner asserts that where plaintiff was a represented party at the hearing level, the ALJ did not have a duty to obtain additional records not submitted by plaintiff's counsel on her behalf. Rather, according to the Commissioner, an ALJ has a special, heightened duty to develop the record where a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures. *See Wilson v. Comm'r of Social Security*, 280 Fed. Appx. 456, 459 (6th Cir. 2008), citing *Lashley v. Secretary of Health and Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). "Absent such special

circumstances—which do not exist in this case—this court repeatedly affirms that the claimant bears the ultimate burden of proving disability." *Wilson*, 280 Fed. Appx. at 459.  While plaintiff's counsel commendably admits that she is "well aware that it is the responsibility of the petitioner and her attorney to provide the medical backup for the injuries claimed," because plaintiff has failed to establish any of the three requirements for a sentence six remand for consideration of new evidence, the Commissioner maintains that this court is not empowered to grant the remand as plaintiff requests.

Plaintiff complains that the ALJ "looked for any evidence that would allow him to find Hairston not disabled. There is not substantial evidence to find her disabled, only an interpretation of the judge's reading of the medical records that were provided as the basis for the denial. The Judge used what was not present in the record or recorded at the various doctors visits to find her not disabled." MSJ at p. 4.  The Commissioner interprets this complaint as an assertion that the ALJ unfairly viewed the record in the light least favorable to plaintiff.  As an example, plaintiff asserts that the ALJ "used an MRI that was not completed as his basis for finding her not disabled, rather than the other 2 MRIs that were completed."  MSJ at p. 4.  The Commissioner contends that, on its face, the ALJ's decision refutes this charge.  The ALJ clearly considered all three of the MRIs in the record, discussing the findings of each in some detail and acknowledging that plaintiff's

claustrophobia degraded the findings of the March 2012 MRI, in summarizing the overall medical evidence. (Tr. 16). He then referenced the other two, fully-completed MRIs, as well as the X-ray taken in connection with Dr. Alviar's consultative examination, by their Exhibit and page numbers in explaining why the record as a whole did not support a finding of greater limitations than he assessed: "The diagnostic studies reveal only minimal to moderate bilateral facet joint arthropathy, mild bulges, and no significant spinal canal stenosis. (Exhibits 3F/4, 4F/3-4 and 6F)." (Tr. 18). Finally, the ALJ referenced the totality of "[t]he objective tests and studies and clinical findings," finding that they "do not support the claimant's allegations of pain or radicular symptoms. (Exhibits 3F, 4F, 5F, 6F, 8F, and 9F.)" (Tr. 18). Plaintiff's assertion that the ALJ unfairly relied on the one MRI that was not fully completed as the medical basis for finding her not disabled is, according to the Commissioner, demonstrably unfounded.

Plaintiff further asserts that the ALJ "did not take into consideration any of Hairston's medical doctors when he answered whether there was an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." MSJ at p. 2. The Commissioner points out, however, that plaintiff fails to specify any specific Listing under which the ALJ improperly evaluated her, or to identify any record medical evidence that would compel a finding that she met or equaled a Listing.

13

The Commissioner submits that the scant medical record before the ALJ does not contain any such evidence that her impairments are so severe as to warrant a finding that they are disabling per se.  *See* 20 C.F.R. §§ 404.1525(a), 416.925(a) (the Listing of Impairments "describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his age, education, or work experience.") Plaintiff bears the burden of proving that her impairments meet or equal a Listing at Step 3.  *See Berry v. Comm'r of Social Security*, 34 Fed. Appx. 202, 203 (6th Cir. 2002), citing *Evans v. Sec'y of Health and Human Servs*., 820 F.2d 161, 164 (6th Cir. 1987).  Plaintiff has failed to demonstrate any unfairness in the ALJ's evaluation of the record medical evidence with respect to his Step 3 findings. The Sixth Circuit has consistently upheld the discretion vested in ALJs to weigh conflicting record evidence in assessing a claimant's disability status.  *See White v. Comm'r of Social Security*, 572 F.3d 272, 284 (6th Cir. 2009) ("[W]e see little indication that the ALJ improperly cherry picked evidence; the same process can be described more neutrally as weighing the evidence"); *see also DeLong v. Comm'r of Social Security*, 748 F.3d 723, 726 (6th Cir. 2014) (an allegation that the ALJ unfairly "cherry-picked" the record "is seldom successful because crediting it would require a court to re-weigh record evidence.")  Here, plaintiff has not "persuasively shown that the ALJ erred in conducting [the] difficult task"

14

of weighing the record evidence. *White*, 572 F.3d at 284.  Accordingly, the

Commissioner contends that the ALJ's decision finding her not disabled or

entitled to receive DIB or SSI should be affirmed.

The Commissioner also says that plaintiff raises a perfunctory challenge to

the ALJ's determination that her subjective reports of her symptoms and their

limiting effects was "not fully credible" (Tr. 17), complaining that "[i]t appears

that [the ALJ] simply did not believe Hairston's statements" as to her need for

assistance with activities of daily living, and that "the ALJ did not take any of that

into consideration when he made his decision to find Hairston not disabled." MSJ

at pp. 5-6.  However, plaintiff does not articulate specific legal grounds on which

she alleges that the ALJ's credibility evaluation was inadequate or improper.  The

Commissioner submits that the ALJ's analysis of plaintiff's credibility (Tr. 17-19)

was detailed, thorough, and consistent with applicable legal and statutory

requirements.  An ALJ is required to evaluate the credibility of a claimant's

subjective complaints as part of his overall RFC assessment.  Factors relevant to

credibility include the claimant's daily activities; the location, duration, frequency,

and intensity of the pain or other symptoms; precipitating and aggravating factors;

the type, dosage, and effectiveness of palliative medication; other, non-medication

palliative treatment; and any other measures taken to relieve the pain or other

symptoms.  *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  Other relevant

factors include the consistency of the claimant's statements, both internally and with other information in the record; the persistence with which the claimant sought treatment for the pain or other symptoms, or whether the level and frequency of treatment is inconsistent with the level of complaints; and the ALJ's own observation of the claimant. *See* SSR 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186.

Here, according to the Commissioner, the ALJ appropriately considered relevant evidence in the record in finding plaintiff's symptomatic complaints to be only partially credible. The ALJ noted that the objective clinical tests in the record indicated generally minimal to moderate abnormalities. (Tr. 17-18, 226-27, 231, 239-40, 263-64). He considered the inconsistency between plaintiff's testimony as to constant back and neck pain and her significantly lesser reports to treating medical providers. (Tr. 18, 283-86, 295-97). He considered the fact that she had received only "very conservative and routine" care for the pain that she alleged to be disabling. (Tr. 18) Plaintiff was prescribed narcotic pain medications and underwent physical therapy (Tr. 229, 252, 256, 265-77), but was never referred for steroid injections or considered as a candidate for surgical intervention. *See Wray v. Comm'r of Social Security*, 2014 WL 4410154, at *9 (E.D. Mich. 2014) (ALJ properly considered conservative nature of treatment for allegedly disabling

impairments in finding claimant not fully credible).

The ALJ also considered plaintiff's activities of daily living in assessing the credibility of her subjective complaints. Contrary to plaintiff's assertion that he found her not credible solely because "she was able to assist her children with homework and put the medication in the nebulizer," MSJ at p. 6, the Commissioner also points out that the ALJ considered her self-reported activities of "attending to her personal needs without reminders, driving, riding in a car, traveling alone, shopping by computer, managing her financial affairs, reading, watching television, helping her children with homework, using the computer, socializing with others, getting along with others, following instructions, and completing tasks." (Tr. 18, 186-93).  An ALJ may reasonably view such daily activities as inconsistent with subjective complaints of disabling limitations.  *See e.g.*, *Warner v. Comm'r of Social Security*, 375 F.3d 387, 392 (6th Cir. 2004) (complaints of disabling pain diminished by daily life activities such as attending to personal hygiene, driving, and washing cutlery); *see also Ayotte v. Comm'r of Social Security*, 2014 WL 6669346, at *7 (E.D. Mich. 2014) (ALJ properly considered claimant's daily activities, including housekeeping, driving, and handling financial matters).

Finally, the ALJ considered his own observations of plaintiff as being "able to respond to questions in an appropriate manner and participate in the hearing

17

closely and fully without being distracted" as yet another factor undermining plaintiff's complaints of disabling pain and limitations. (Tr. 18). The Commissioner notes that the ALJ found plaintiff capable of only a tightly constrained range of exertionally sedentary work. (Tr. 14 at Finding 5). According to the Commissioner's regulations, "[s]edentary work represents a significantly restricted range of work, and individuals with a maximum sustained work capability limited to sedentary work have very serious functional limitations." 20 C.F.R. Part 404, Subpart P, Appendix 2 § 201.00(h)(4). Thus, the ALJ found plaintiff's subjectively-reported limitations to be significantly, though not fully, credible. It does not appear, as plaintiff suggests, that the ALJ "simply did not believe" her subjective complaints, or "did not take any of that into consideration." MSJ at pp. 5, 6. The Commissioner also points out that, as the Sixth Circuit has stated, "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones v. Comm'r of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003). The ALJ had the opportunity to observe plaintiff, and his assessment of her credibility is entitled to "great weight and deference." *Jones*, 336 F.3d at 476. Accordingly, the ALJ's assessment of plaintiff's credibility and his overall assessment of her RFC are supported by substantial evidence, and his resulting decision finding her not disabled should be affirmed.

18

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v.*

*Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only.  *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight.  *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).  "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council."  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record.  *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly

21

addressing in his written decision every piece of evidence submitted by a party.")
(internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*,
198 Fed. Appx. 521, 526 (6th Cir. 2006).

>    B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits."
*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);
*accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003).
There are several benefits programs under the Act, including the Disability
Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) and the
Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et
seq.*).  Title II benefits are available to qualifying wage earners who become
disabled prior to the expiration of their insured status; Title XVI benefits are
available to poverty stricken adults and children who become disabled.  F. Bloch,
Federal Disability Law and Practice § 1.1 (1984).  While the two programs have
different eligibility requirements, "DIB and SSI are available only for those who
have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).
"Disability" means:

>    inability to engage in any substantial gainful activity by
>    reason of any medically determinable physical or mental
>    impairment which can be expected to result in death or
>    which has lasted or can be expected to last for a
>    continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing,

23

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.    <u>Analysis and Conclusions</u>

1.    Development of the record

Although plaintiff bears the burden of establishing that she is entitled to disability benefits, courts have recognized that social security proceedings are "inquisitorial rather than adversarial."  *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). As a result, an ALJ has an affirmative duty to develop the factual record upon which his decision rests, regardless of whether the claimant is represented by legal counsel at the administrative hearing.  *See Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983).  However, where the claimant is without counsel, incapable of presenting an effective case, and unfamiliar with hearing procedures, the ALJ has a "special, heightened duty" to develop the administrative record and ensure a fair hearing.  *See Wilson v. Comm'r of Soc. Sec.*, 280 Fed. Appx. 456, 459 (6th Cir. 2008) (citing *Lashley*, 708 F.2d at 1051-52).  To satisfy this duty, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," and must be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited."  *Lashley*, 708 F.2d at 1052 (internal citations omitted).

In this case, plaintiff and her lawyer both had the opportunity and were aware that additional evidence existed that might support her claim for disability for a period earlier.  Their knowledge was at least equal to that of the ALJ.

25

Nothing in plaintiff's testimony or brief suggests that this evidence somehow shows that she is more limited than as found by the ALJ. Rather, it appears to be most related to supported her claim that she was disabled earlier, with additional possible evidence from the year prior to the hearing. A remand pursuant to sentence four is appropriate when "insufficient evidence exists in the record to support the Commissioner's conclusions and further fact-finding is necessary." *Culbertson v. Barnhart*, 214 F. Supp.2d 788, 795 (N.D. Ohio 2002) (citing generally *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994)). Plaintiff amended her alleged onset date with the advice of counsel and has not established that there was insufficient evidence in the record to support the ALJ's decision. In addition, plaintiff provides no information about the medical evidence for the year preceding the hearing and does not explain why the ALJ was obligated to obtain these records or why she and her lawyer failed to provide them to the ALJ.

2. Sentence Six

To the extent plaintiff's submission can be read as requested a sentence six remand, this request should be denied. Under sentence six of 42 U.S.C. § 405(g), plaintiff has the burden to demonstrate that the evidence is "new" and "material" and that there is good cause" for failing to present this evidence in the prior proceeding. *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006);

26

*Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 598 (6th Cir. 2005).  Courts "are not free to dispense with these statutory requirements."  *Hollon*, 447 F.3d at 486.  "Good cause" is *not* established solely because the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a "harder line" on the good cause test.  *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 Fed. Appx. 593, 598-99 (6th Cir. 2001).  A plaintiff attempting to introduce new evidence must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision.  *See Hollon*, 447 F.3d at 485; *see also Brace v. Comm'r of Soc. Sec.*, 97 Fed. Appx. 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing with the ALJ did not establish good cause); *Cranfield v. Comm'r of Soc. Sec.*, 79 Fed. Appx. 852, 859 (6th Cir. 2003).  Additionally, in order to establish materiality, plaintiff must show that the introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion.  *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Sizemore v. Sec. of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *Hensley v. Comm'r of Soc. Sec.*, 214 Fed. Appx. 547, 550 (6th Cir. 2007).

In the view of the undersigned, plaintiff's sentence six request for remand must be rejected on its face because she has not submitted the evidence at issue for the Court's review.  Without such evidence in the record, her request cannot be

27

reviewed on the merits and should, therefore, be rejected.

      3.    Credibility

Plaintiff argues that the ALJ erred in concluding that her testimony as to the intensity and persistence of her symptoms associated with her impairments was not entirely credible. As the relevant Social Security regulations make clear; however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. §§ 404.1529(a), 416.929. Instead, the Sixth Circuit has repeatedly held that "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *See Workman v. Comm'r of Soc. Sec.*, 105 Fed. Appx. 794, 801 (6th Cir. 2004); *see also Moon v. Sullivan*, 923 F.2d 1175, 1182-83 (6th Cir. 1990) ("[T]hough Moon alleges fully disabling and debilitating symptomology, the ALJ, may distrust a claimant's allegations . . . if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other.").

"It [i]s for the [Commissioner] and his examiner, as the fact finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (quoting *Myers v. Richardson*, 471 F.2d 1265, 1267 (6th Cir. 1972)). As the Sixth Circuit has held, determinations of credibility related to subjective complaints of pain rest

with the ALJ because "the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'" *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981) (citation omitted). Thus, an ALJ's credibility determination will not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The ALJ is not required to accept the testimony of a claimant if it conflicts with medical reports, the claimant's prior statements, the claimant's daily activities, and other evidence in the record. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Rather, when a complaint of pain or other symptoms is in issue, after the ALJ finds a medical condition that could reasonably be expected to produce the claimant's alleged symptoms, he must consider "the entire case record, including the objective medical evidence, statements and other information provided by treating or examining physicians . . . and any other relevant evidence in the case record" to determine if the claimant's claims regarding the level of his pain are credible. SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996); *see also* 20 C.F.R. § 404.1529. Consistency between the plaintiff's subjective complaints and the record evidence 'tends to support the credibility of the [plaintiff], while inconsistency, although not necessarily defeating, should have the opposite effect." *Kalmbach v. Comm'r of Soc. Sec.*, 409 Fed. Appx. 852, 863 (6th Cir. 2011).

Here, the undersigned agrees with the Commissioner that the ALJ's conclusions regarding plaintiff's claims of disabling limitations are supported by substantial evidence. As the Commissioner points out, the ALJ noted that the objective clinical tests in the record indicated generally minimal to moderate abnormalities. (Tr. 17-18, 226-27, 231, 239-40, 263-64). He also considered the inconsistency between plaintiff's testimony as to constant back and neck pain and her significantly lesser reports to treating medical providers. (Tr. 18, 283-86, 295-97). He considered the fact that she had received only "very conservative and routine" care for the pain that she alleged to be disabling. (Tr. 18). And, as the Commissioner points out, plaintiff was prescribed narcotic pain medications and underwent physical therapy (Tr. 229, 252, 256, 265-77), but was never referred for steroid injections or considered as a candidate for surgical intervention. *See Wray v. Comm'r of Social Security*, 2014 WL 4410154, at *9 (E.D. Mich. 2014) (ALJ properly considered conservative nature of treatment for allegedly disabling impairments in finding claimant not fully credible).

As permitted by the regulations, the ALJ also considered plaintiff's activities of daily living in assessing the credibility of her subjective complaints. ALJ considered her self-reported activities of "attending to her personal needs without reminders, driving, riding in a car, traveling alone, shopping by computer, managing her financial affairs, reading, watching television, helping her children

with homework, using the computer, socializing with others, getting along with others, following instructions, and completing tasks." (Tr. 18, 186-93). An ALJ may reasonably view such daily activities as inconsistent with subjective complaints of disabling limitations.

The undersigned also finds significant the Commissioner's observation that the ALJ found plaintiff capable of only a tightly constrained range of exertionally sedentary work. "Sedentary work represents a significantly restricted range of work, and individuals with a maximum sustained work capability limited to sedentary work have very serious functional limitations." 20 C.F.R. Part 404, Subpart P, Appendix 2 § 201.00(h)(4). Thus, the ALJ found plaintiff's subjectively-reported limitations to be significantly, though not fully, credible. Given the restrictive nature of sedentary work and the even more restricted nature of the ALJ's RFC, the undersigned agrees with the Commissioner that plaintiff's suggestion that the ALJ "simply did not believe" her subjective complaints, or "did not take any of that into consideration" is not an accurate reflection of the ALJ's analysis.

4.    Cherry Picking

Plaintiff accuses the ALJ of improperly "cherry-picking" the record to cite only evidence supporting his finding of non-disability. It is generally recognized that an ALJ "may not cherry-pick facts to support a finding of non-disability while

31

ignoring evidence that points to a disability finding." *Smith v. Comm'r of Soc. Sec.*, 2013 WL 943874, at *6 (N.D. Ohio 2013), citing *Goble v. Astrue*, 385 Fed. Appx. 588, 593 (7th Cir. 2010) (citation omitted). Yet, "the ALJ does not 'cherry pick' the evidence merely by resolving some inconsistencies unfavorably to a claimant's position." *Id.*, quoting *Solembrino v. Astrue*, 2011 WL 2115872, at *8 (N.D. Ohio 2011). The undersigned cannot conduct a *de novo* review of the record evidence, and the findings of the ALJ are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citation omitted); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the [ALJ] must stand if the evidence could reasonably support the conclusion reached.") (citation omitted). This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). Thus, it is not uncommon in disability cases for there to be some inconsistencies in the record. It is the duty of the ALJ to resolve any inconsistencies in the evidence, and the ALJ does not "cherry pick" the evidence merely by resolving some inconsistencies unfavorably to a claimant's position. *See Smith*, 2013 WL 943874, at *6 ("Rather than describing the ALJ's actions as 'cherry-picking,' the Sixth Circuit has

32

explained that it could be more neutrally described as 'weighing the evidence.'"),
citing *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009).  In the
view of the undersigned, that is precisely what the ALJ did here.  He weighed the
evidence and made a determination, supported by substantial evidence, that
plaintiff is not disabled.  The undersigned see no evidence of improper "cherry-
picking" of the record.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that
plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for
summary judgment be **GRANTED**, and that the findings of the Commissioner be
**AFFIRMED**.

The parties to this action may object to and seek review of this Report and
Recommendation, but are required to file any objections within 14 days of service,
as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule
72.1(d).  Failure to file specific objections constitutes a waiver of any further right
of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and
Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some
issues but fail to raise others with specificity will not preserve all the objections a
party might have to this Report and Recommendation.  *Willis v. Sec'y of Health
and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 7, 2015                        s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on July 7, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following:

                                          s/Durene Worth
                                          Acting in the absence of
                                          Tammy Hallwood, Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov